IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARRELL DWAYNE SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK AND INDEPENDENT RECORD,<br><br>Defendants. | Cause No. CV-24-80-H-DLC<br><br><br>ORDER |

Plaintiff Darrell Dwayne Smith has filed a motion to proceed in forma pauperis and a proposed Complaint. (Docs. 1 and 2.) On November 20, 2024, Smith was directed to show cause why his Complaint should not be dismissed, for two independent reasons. (Doc. 5.) Smith responded. (Doc. 6.) His Complaint is dismissed.

I. MOTION TO PROCEED IN FORMA PAUPERIS

Smith has moved to proceed in forma pauperis. (Doc. 1.) Because Smith is a prisoner, he must still pay the statutory filing fee of $405.00. 28 U.S.C. § 1915(b)(1). The Court will waive the initial partial filing fee required under 28 U.S.C. § 1915(b)(1) because he has submitted an account statement showing an inability to pay that fee. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, §

1

1915(b)(4)"). Smith's Complaint will be file, and he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Smith must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* at 90.

## II. DISMISSAL

### A. Statute of Limitations

Smith's Complaint is barred by the statutes of limitations, as explained in the Court's prior Order. Smith responds that the articles still appear, and therefore, the statute should not apply. But he has not alleged that these defendants have committed any actionable tort within in the limitations period. the continuing tort doctrine does not apply to defamation actions arising from a single, identifiable incident. *See Flowers v. Carville,* 310 F.3d 1118, 1126 (9th Cir. 2002).

### B. Res Judicata

Smith's Complaint is barred by the doctrine of res judicata. Smith did not respond to this aspect of the Court's Order to Show Cause. For the reasons described in the prior Order, Smith's Complaint must be dismissed. (Doc. 5.)

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Smith's Complaint is

frivolous, fails to state a claim for relief, and is barred by the statute of limitations.

Accordingly, it is hereby ORDERED:

1. Smith's motion to proceed in forma pauperis is GRANTED. (Doc. 1.)

2. Smith's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment.

3. The Clerk of Court is directed to note in the docket that this counts as a strike against Smith within the meaning of 28 U.S.C. § 1915(g). The Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 6th day of January, 2025.

_____
Dana L. Christensen, District Judge
United States District Court